1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDEN WILLIE ISELI,                      Case No.  2:25-cv-0532-JDP (HC)

12                  Petitioner,

13          v.                                   ORDER; FINDINGS AND
                                                 RECOMMENDATIONS
14   WILLIAM D. JOHNSON,

15                  Respondent.

16

17          Petitioner, a state prisoner, brings this action under 28 U.S.C. § 2254.  ECF No. 1.  It

18   appears that this petition is successive and unauthorized.  Petitioner appears to concede that his

19   petition is an unauthorized successive petition, as he also moves this court to transfer his case to

20   the Court of Appeals to obtain authorization for a successive petition.  ECF No. 8.  I will

21   recommend that that petitioner's motion to transfer be granted, and that the Clerk of Court be

22   directed to administratively close the case.  I will grant petitioner's motion to proceed *in forma*

23   *pauperis*.  ECF No. 2.

24          The petition is before me for preliminary review under Rule 4 of the Rules Governing

25   Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

26   the habeas petition and order a response to the petition unless it "plainly appears" that the

27   petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

28   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

1    Petitioner filed this petition challenging convictions for attempted murder with

2  premeditation and first-degree murder handed down in San Joaquin County Superior Court.  ECF

3  No. 1 at 2.  These convictions were previously challenged in a federal habeas petition filed on

4  August 22, 2022, which was denied on the merits.  *See Iseli v. People of the State of California*,

5  No. 2:22-cv-1483-TLN-EFB, ECF Nos. 1, 23, & 31.  Accordingly, the instant petition is

6  successive.  *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) ("Generally, a new

7  petition is 'second or successive' if it raises claims that were or could have been adjudicated on

8  their merits in an earlier petition.").  Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not bring

9  a second or successive habeas petition seeking the same, previously denied relief unless he

10  obtains proper authorization from the Court of Appeals.  *Id.* ("Before a second or successive

11  application permitted by this section is filed in the district court, the applicant shall move in the

12  appropriate court of appeals for an order authorizing the district court to consider the

13  application.").  The current petition does not indicate that such authorization has been obtained.

14    In fact, petitioner concedes this action is an unauthorized successive petition, and he

15  moves this court to transfer his case to the Court of Appeals so that he may obtain authorization.

16  ECF No. 8.  Under Ninth Circuit Rule 22-3, "[i]f an application for authorization to file a second

17  or successive section 2254 petition . . . is mistakenly submitted to the district court, the district

18  court shall refer it to the court of appeals."  Cir. R. 22-3(a).  As such, I recommend that

19  petitioner's § 2254 petition be transferred to the Court of Appeals in accordance with court rules,

20  and that the Clerk of Court administratively close this case.

21    Accordingly, it is hereby ORDERED that:

22    1.    Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

23    2.    The Clerk of Court is directed to assign a district judge to this action.

24    Further, it is hereby RECOMMENDED that:

25    1.    Petitioner's motion to transfer his case to the Ninth Circuit for permission to file a

26  second or successive § 2254 petition, ECF No. 8, be GRANTED.  The Clerk of Court be directed

27  to transfer this action to the Court of Appeals.

28    2.    The Clerk of Court be directed to administratively close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3